UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB C. BRIER,

              Plaintiff,

                  v.                            CAUSE NO. 3:25-CV-424-PPS-JEM

JASON SMILEY, RODRIGUEZ,
KATHLEEN SHEPARD,

              Defendants.

## OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brier alleges that, in February 2025, Warden Smiley filed an affidavit in another case that claimed Brier had previously been diagnosed as having paraphilia. Paraphilia is defined as a "mental disorder characterized by a preference for or obsession with unusual sexual practices, as pedophilia, sadomasochism, or exhibitionism." https://www.dictionary.com/browse/paraphilia (last viewed Feb. 3, 2026). Brier

indicates this is inaccurate. He spoke with a mental health worker, Ms. Rodriquez, about his concerns. She said she would investigate, but a month later Brier saw her, and she was hostile toward him because he had filed a grievance against her for not removing this diagnosis from his packet. She allegedly screamed at him, indicating that she told the warden that this information was inaccurate. Warden Smiley allegedly responded with "Well what's done is done. I'm not going to write the court and tell them that[. W]e are in enough shit with this inmate as it is[.] Just leave it alone[.]" ECF 1 at 3.

During this encounter, Ms. Rodriquez allegedly called Brier a "punk" and accused him of "fucking with her job." *Id.* at 3. She also claimed she no longer wanted to help him, and she would instead document that he had described sexual urges associated with paraphilia. She allegedly told Brier that she would ruin him and would let it be known that he is a sexual predator.

Since then, inmates have harassed Briar, telling him that Ms. Rodriquez says his paperwork shows he is a sex offender. Ms. Rodriquez calls Brier a "pervert" or "creep" when she is on the range. She also allegedly said, "I [will] fuck you up motherfucker." *Id.*

Kathleen Shepard, a case worker, allegedly printed off the page of Brier's medical records that shows this diagnosis and handed it out to groups of inmates. When she enters the range, she allegedly has repeatedly said "where is that fucking baby raper Brier." *Id.* She also allegedly threatened to post this information online if he filed another grievance or lawsuit.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Accepting Brier's allegations as true, as the court must at this stage of the case, he has stated a First Amendment retaliation claim against both Ms. Rodriquez and Case Worker Kathleen Shepard. Brier has not, however, alleged that Warden Smiley caused Brier to suffer any deprivation that would likely deter future First Amendment activity. Brier alleges that his medical records were inaccurate, not that Warden Smiley deliberately misstated their contents. Brier claims that Warden Smiley ordered a cover up, but the factual allegations of the complaint do not support this. Rather, the factual allegations show that Warden Smiley's initial inclination upon learning of the error was to leave things alone. This is not a deprivation likely to deter future First Amendment activity. Furthermore, Brier has not alleged facts that show that any First Amendment activity by Brier motivated the warden's initial determination that it would be best to simply leave things be.

Brier also asserts several state law claims: intentional infliction of emotional distress ("IIED"), defamation, and slander. Under Indiana law, a claim for intentional infliction of emotional distress requires that a plaintiff allege "the defendant: (1)

3

engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another." *Haegert v. McMullan*, 953 N.E.2d 1223, 1235 (Ind. Ct. App. 2011) (quotation marks omitted). Indiana courts cite approvingly this comment from the Restatement (Second) of Torts:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or by a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). "[L]iability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Gable v. Curtis*, 673 N.E.2d 805, 810 (Ind. Ct. App. 1996) (quoting *Restatement (Second) of Torts* § 46 at 72–73)). The facts Brier alleges do not rise to the level necessary for an IIED claim.

Under Indiana law, "[f]alse defamatory words, if written and published, constitute a libel; if spoken, a slander." *Kerwood v. Elkhart Cnty. Sheriff's Dep't*, 233 N.E.3d 1030, 1038 (Ind. Ct. App. 2024) (citation omitted). To prove libel, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007).

Brier cannot proceed on a claim for defamation against Warden Smiley because he has not alleged facts suggesting he acted with malice when he filed an affidavit that

correctly reflected the existing medical record at the time. It can, however, be inferred that both Ms. Rodriguez and Kathleen Shepard acted with malice when repeatedly sharing information they knew to be false with other inmates verbally and, as to Kathleen Shepard, in writing. Therefore, he will be permitted to proceed against Ms. Rodriguez on a state law slander claim and against Kathleen Shepard on state law claims for libel and slander.

For these reasons, the court:

(1) GRANTS Jacob C. Brier leave to proceed against Ms. Rodriguez and Case Worker Kathleen Shepard in their individual capacities for compensatory and punitive damages for retaliating against Brier for filing a grievance by repeatedly labeling him as having paraphilia or being a sexual predator knowing the medical records revealing this diagnosis were inaccurate, in violation of the First Amendment;

(2) GRANTS Jacob C. Brier leave to proceed against Ms. Rodriguez in her individual capacity for compensatory and punitive damages for slandering Brier, in violation of Indiana law;

(3) GRANTS Jacob C. Brier leave to proceed against Case Worker Kathleen Shepard in her individual capacity for compensatory and punitive damages for committing both libel and slander against Brier, in violation of Indiana law;

(4) DISMISSES all other claims;

(5) DISMISSES Jason Smiley;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Case Worker Kathleen Shepard at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Rodriguez at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(8) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Rodriguez and Case Worker Kathleen Shepard to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: February 9, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT